**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL CONLIN,

    Plaintiff,

v.

                          Case No. 13-14377

                          HONORABLE DENISE PAGE HOOD

TROTT & TROTT, P.C.,

    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR TO DISMISS
AND
ORDER DISMISSING ACTION**

**I.    BACKGROUND**

On October 17, 2013, Plaintiff Michael Conlin ("Conlin") filed the instant action against Defendants Trott & Trott, P.C. ("Trott & Trott") and Orlans Associates, P.C. ("Orlans"). The parties stipulated to dismiss Orlans. (Doc. No. 10) The Complaint alleges one count under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Conlin asserts that on October 1, 2013, Trott & Trott left a summons and complaint on his front door and in his mailbox seeking to evict him, even though Trott & Trott was aware that Conlin was represented by an attorney on a previous eviction action on the same home. (Comp., ¶ 12) Trott & Trott was advised on October 3,

2013 that there was already an eviction action, which was stayed pending an appeal by Conlin. (Comp., ¶ 13) Trott & Trott indicated that it was going to dismiss the eviction action. (Comp., ¶¶ 14-15) However, on October 9, 2013, the date set for the second eviction action, Trott & Trott went forward with the eviction action before the 15th District Court, State of Michigan. (Comp., ¶ 16) Conlin was present at the hearing, indicating to the court that Trott & Trott had informed Conlin and his counsel that the second eviction action was supposed to be dismissed. (Comp., ¶ 16) Trott & Trott's action caused Conlin embarrassment and fear that he would lose his home. (Comp., ¶ 18)

This matter is before the Court on Trott & Trott's Motion for Summary Judgment or to Dismiss. A response and reply have been filed and a hearing held on the matter.

## II. ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items

appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. FDCPA

Trott & Trott argues that a summary proceeding action and the notices and pleadings brought under M.C.L. § 600.5701 *et seq.* are not communications under the FDCPA as a matter of law. Conlin argues that a mortgage foreclosure action si s a debt collection under the FDCPA as set forth in *Glazer v. Chase Home Finance LLC,* 704 F.3d 453 (2013).

The FDCPA, 15 U.S.C. § 1601 *et seq.,* governs debt collectors' actions. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors and to promote actions to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e); *Grden v. Leikin Ingber & Winters, PC,* 643 F.3d 169, 172 (6th Cir. 2011). Violators of the FDCPA are subject to actual damages, statutory damages and attorney fees. 15 U.S.C. § 1692k.

In 2006, the FDCPA was amended to provide that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section." 15 U.S.C. § 1692g(d). When a summons and complaint are filed, the debt collector is not required to comply

with the FDCPA requirements under § 1692g(a) and to notify the consumer that the communication is from a debt collector under § 1692e(11). *See Hill v. Javitch, Block & Rathbone, LLP,* 574 F.Supp. 2d 819, 823 (S.D. Ohio 2008); *Wallace v. Manley Deas Kochalski LLC,* 2013 WL 3338687, at *4 (W.D. Ky. Jul. 2, 2013)(unpublished). Based on the clear language of the FDCPA, Conlin's action against Trott & Trott under §§ 1692e(11) and 1692g(a) & (b) are dismissed as a matter of law. Trott & Trott was not required to follow the requirements under 1692(g)(a) & (b) and 1692e(11).

In addition to the above analysis, and as to Conlin's remaining claims under § 1692c(a)(2) (that Trott & Trott should not have communicated by way of the summons and complaint directly to Conlin since he was represented by counsel) and § 1692e(5) (a threat of further action even though there was already an eviction action filed), these claims must be dismissed as a matter of law. Summary eviction proceedings do not implicate the FDCPA. A summary eviction can only occur after title has changed hands and a former debtor remains in possession. *Bond v. U.S. Bank N.A.,* 2010 WL 1265852, at *5 (E.D. Mich. Mar. 29, 2010)(unpublished). At this point, the debt collection process has ended and the title holder is seeking possession of the property, rather than monetary damages. *Id.* Conlin claims that *Glazer* holds that foreclosure actions are debts under the FDCPA. *Glazer* is inapplicable because

the foreclosure action is not a claim before the Court. This action involves a summary eviction proceeding seeking removal of Conlin from the home. Because the summary eviction proceeding action filed by Trott & Trott does not seek to collect on a debt, any action by Trott & Trott in initiating such an action cannot not violate the FDCPA. *Id.*; *Burks v. Washington Mut. Bank, F.A.,* 2008 WL 4966656, at \*\*8-9 (E.D. Mich. Nov. 17, 2008)(unpublished); *Bobo v. Trott & Trott, P.C.,* 2014 WL 555201, at \*2 (E.D. Mich. Feb. 12, 2014)(unpublished).

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Summary Judgment or to Dismiss **(Doc. No. 9)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager